## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| KAREN GILLIHAN, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO.  1:15-CV-415 |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE CO., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Co. ("SFMAIC"),[1] by its counsel,

hereby gives notice pursuant to 28 U.S.C. §§1441 and 1446 of the removal of this cause of action

from the Common Pleas Court of Medina County, Ohio to the United States District Court for

the Northern District of Ohio, and in support thereof, states as follows:

1.      SFMAIC is the Defendant in the action entitled *Karen Gillihan, et al. v. State*

*Farm Mutual Automobile Insurance Co., et al.,* Medina County, Ohio Common Pleas Court Case

Number 15CIV0097, which action Plaintiffs filed on or about January 30, 2015.  Plaintiffs seek

compensatory and punitive damages in unidentified amounts.

---

[1]      Plaintiffs have purportedly named "State Farm Insurance Co." as a Defendant.  SFMAIC has not obtained the consent of "State Farm Insurance Co." because this entity does not exist and therefore it is a nominal Defendant, whom is otherwise improperly or fraudulently joined to this lawsuit, and it has no connection to the automobile insurance policy that forms the basis of this suit.  See *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action); *White v. Sandru*, No. 14-1277, 2014 U.S. Dist. LEXIS 136560, at * 3-4 (N.D. Ohio Sept. 26, 2014) ("[N]ominal defendants…need not join in the [removal] petition . See also ¶ 8, *infra.*

2.      SFMAIC received a copy of the Summons and Complaint in Case Number

15CIV0097 on February 2, 2015.[2]  Copies of all process, pleadings and orders served upon

SFMAIC are attached as Exhibit B.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §1441 within the time

limits prescribed by 28 U.S.C. §1446(b), as SFMAIC is removing this case to this Court on

March 4, 2015, within 30 days of its first receiving a copy of the Summons and Complaint,

within 30 days of service of the Summons and Complaint on it and less than one year after the

filing of the state court action.  Although it does not exist and thus is a nominal or otherwise

improperly or fraudulently joined Defendant, this removal also occurs within 30 days of "State

Farm Insurance Co.'s" first receiving a copy of the Summons and Complaint, within 30 days of

service on "State Farm Insurance Co." of the Summons and Complaint and less than one year

after filing of the state court action.

4.      Pursuant to Fed. R. Civ. P. 81(c)(2)(C), SFMAIC will move, plead, or otherwise

respond to the Complaint in this Court within seven days of this removal.

5.      This Court has original jurisdiction of the action under 28 U.S.C. §1332 based

upon the diversity of citizenship; it is a civil action in which the amount in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of

citizenship exists as to all parties.  This action is, therefore, removable pursuant to 28 U.S.C.

§1441(a).

6.      Upon information and belief, Plaintiffs are, and were at the time they filed their

Complaint, citizens of the State of Ohio.

---

[2]      Although it does not exist as separate entity and is therefore a nominal or otherwise improperly or
fraudulently joined Defendant, upon information and belief, Defendant "State Farm Insurance Co." received a copy
of the Summons and Complaint in Case No. 15CIV0097  on February 2, 2015. (See Medina County docket for Case
No. 15CIV0097, attached hereto and incorporated herein as Exhibit A.)

2

7.      Defendant SFMAIC is, and was at the time Plaintiffs filed their Complaint, incorporated in the State of Illinois with its principal place of business in the State of Illinois.

8.      Plaintiffs' Complaint requests compensatory damages and punitive damages in an unidentified amount.  (Complaint, p. 5.)  Their claims arise from SFMAIC Policy No. 022 4410-CO2-35E.  SFMAIC issued this policy; there is no entity, nor insurer, known as "State Farm Insurance Co." (at least licensed to sell insurance in Ohio) and "State Farm Insurance Co." was not involved in the underwriting or issuance of the subject policy, nor the denial of benefits Plaintiffs are claiming due under the Policy.

9.      According to an audit of medical bills arising out the accident which is the subject of the Complaint, which audit Plaintiffs' counsel provided to Defendants prior to suit and which is attached hereto as Exhibit C and incorporated herein, Plaintiff Karen Gillihan alleges she incurred at least $37,181.32 in medical bills for which she seeks recovery in this matter.  Ohio law allows for the recovery of non-economic compensatory damages in an amount up to the lesser of $250,000 or three times economic damages (R.C. 2315.18), and Ohio law allows for the recovery of punitive damages in an amount up to two times compensatory damages (R.C. 2315.21).  Courts hold that, even where punitive damages are speculative and alleged in an unidentified amount, they may be considered and estimated at up to two times the compensatory damages for purposes of the amount in controversy.  *Lebo v. Impac Funding Corp.*, 2011 U.S. Dist. LEXIS 148086, at *3 (N.D. Ohio Dec. 23, 2011) (when determining the amount in controversy for diversity purposes, the court must take into account the ability to recover punitive damages unless it is apparent to a legal certainty that they cannot be recovered); *Pollock v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-CV-0581, 2011 U.S. Dist. LEXIS 124312, at *7-8, 2011 WL 5075815 (S.D. Ohio Oct. 26, 2011)  (holding that "under Ohio law, a court can award

punitive damages in an amount up to two times the amount of compensatory damages awarded"

and that punitive damages coupled with a claim for insurance benefits of $33,000 was "an

amount which could easily exceed this Court's jurisdictional threshold.").  *See also Shupe v.

Asplundh Tree Expert Co.*, No. 13-5747, 2014 U.S. App. LEXIS 9668, at *7-11 (6th Cir. May

22, 2014) (amount in controversy satisfied with potential compensatory damages at the time of

filing of approximately $34,123.00, court-estimated future back pay based on an estimated trial

date two years in the future, and approximate damages for emotional distress and punitive

damages); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (claims for

punitive damages should be included in the amount-in-controversy, "'unless it is apparent to a

legal certainty that such cannot be recovered'").  Given the estimated potential compensatory

punitive damages at issue, the amount in controversy is greater than $75,000.[3]

10.     SFMAIC desires to remove this action to this Court and submits this Notice,

along with the exhibits, in accordance with 28 U.S.C. §§1441 and 1446.

11.     Written notice of the filing of this Notice of Removal will be given to the

Plaintiffs and, together with a copy of the Notice of Removal and supporting papers, will be filed

with the Clerk of the State Court, as provided by 28 U.S.C. §1446(d).

WHEREFORE, State Farm Mutual Automobile Insurance Co. prays that the above-

described action pending against it in the State Court be removed to this Court.

---

[3] SFMAIC submits it has paid at least $4,703.05 of the amounts identified in Exhibit A.  However, even with this reduction of Plaintiff Karen Gillihan's purported economic compensatory damages, the potential amount at issue in this matter satisfies this Court's jurisdictional threshold.

4

Respectfully submitted,

*/s/ Craig R. Carlson*

Craig R. Carlson (0055415) - Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Telephone:    (614) 227-2163
Facsimile:    (614) 227-2100
email:        ccarlson@porterwright.com

OF COUNSEL:

Megan E. Bailey (0081167)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Telephone:    (614) 227-2025
Facsimile:    (614) 227-2100
email:        mbailey@porterwright.com

*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Co.*

5

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b)(2)(C) and 5(b)(2)(E), I served a true copy of the foregoing by regular U.S. Mail, postage prepaid, and electronic mail on March 4, 2015:

Thomas D. Robenalt
The Robenalt Law Firm, Inc.
19702 Center Ridge Road
Rocky River, OH  44116

*Attorney for Plaintiffs*

Additionally, pursuant to Fed.R.Civ.P. 5(b)(2)(E) and N.D. Ohio Local Rule 5.1, I also electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users.

/s/ Craig R. Carlson
Craig R. Carlson

COLUMBUS/1757247v.2