# EXHIBIT B TO
# NOTICE OF REMOVAL



# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
Court of Common Pleas, Medina County, 93 Public Square, Medina, OH 44256

Case #: 15CIV0097

To the following named defendant:

**STATE FARM INSURANCE CO
1440 GRANVILLE RD
NEWARK, OH 43059**

You have been named as defendant in a complaint filed in this court by the following plaintiff:

Plaintiff: KAREN GILLIHAN (et al)
W/EXHIBITS, FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within **twenty-eight (28)** days after the service of this summons upon you, excluding the date of service.

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint. Your answer must be filed with the court within **three days (3)** after the service of a copy of the answer on the plaintiff's attorney.

The name and address of the plaintiff attorney is as follows:

THOMAS D. ROBENALT
19704 CENTER RIDGE RD
ROCKY RIVER, OH 44116



1/30/2015

**DAVID B. WADSWORTH**
Clerk of Courts

JLO
By: Deputy Clerk

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

COMMON PLEAS COURT
15 JAN 30 PM 2: 15

| | |
|---|---|
| KAREN GILLIHAN<br>1180 Manchester Court<br>Medina, Ohio 44256<br><br>and<br><br>MICHAEL GILLIHAN<br>1180 Manchester Court<br>Medina, Ohio 44256<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE CO.<br>c/o Statutory Agent – Susan Krieger<br>1440 Granville Road<br>Newark, Ohio 43055<br><br>and<br><br>STATE FARM INSURANCE CO.<br>1440 Granville Road<br>Newark, OH 43059<br><br>    Defendants. | CASE NO. **15CIV0097**<br>FILED<br><br>JUDGE<br><br>**JOYCE V. KIMBLER, JUDGE**<br><br>**COMPLAINT WITH DISCOVERY ATTACHED**<br><br><br>(Jury Demand Endorsed Hereon) |

    Plaintiffs Karen & Michael Gillihan state and allege for their Complaint against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Company as follows:

    1.     At all times material, Plaintiffs resided at 1180 Manchester Court, Medina, Ohio, 44256.

    2.     On or about January 31, 2013, Plaintiff Karen Gillihan was operating a 2000 Honda CR-V, and was lawfully proceeding westbound on SR 162, in the Township of Sharon, County of

Medina, and State of Ohio.

3. At that same time and place, Tamara Anderson was traveling northbound on Beach Road.

4. Thereafter, Tamara Anderson negligently operated her motor vehicle by, *inter alia*, failing to stop at a stop sign and striking the above-mentioned Ford Escape that Plaintiff was operating.

5. Underinsured driver Tamara Anderson had a contract for insurance with Progressive Insurance that included bodily injury insurance coverage, but she only had coverage of $25,000.00.

6. Plaintiff was legally entitled to recover from Tamara Anderson, but her coverage was not sufficient.

7. At all times material herein, Defendant State Farm Mutual Automobile Insurance Company ("State Farm Auto") was a corporation and/or other entity that was licensed to do business for profit with the State of Ohio, and specifically provided policies of insurance and/or related services to citizens within the State of Ohio and Medina County. More specifically, Defendant State Farm Auto entered into a contract with Plaintiffs to provide them automobile insurance that included underinsured insurance coverage, with a UIM policy limit of $100,000, under policy number is 022 4410-C02-35E and a copy of the policy declaration page and policy language is attached hereto as Exhibit A.

8. As a direct and proximate result of the accident on January 31, 2013, Plaintiff Karen Gillihan suffered economic damages in the form of medical bills and expenses and severe and permanent physical injuries including, but not limited to: permanent nerve injuries that causes pain, weakness and numbness on her right hand; temporomandibular joint disorder ("TMJ"), headaches

2

and dizziness; and neck, back and shoulder injuries and pain, all of which are likely to continue into the indefinite future.

## COUNT ONE

9. Plaintiffs incorporate by reference paragraphs 1 and 8 of this Complaint as if fully restated herein.

10. At all times material, Plaintiff was covered under a policy of automobile insurance that was purchased from Defendant State Farm Auto.

12. The State Farm Auto policy, number 022 4410-C02-35E, was binding and in full effect at the time of the motor vehicle accident at issue in this lawsuit.

13. This policy of insurance contained provisions for underinsured/uninsured motorists coverage which obligated Defendant State Farm Auto to pay Plaintiffs all sums to which they were legally entitled to recover as damages from the driver of an underinsured/uninsured motor vehicle.

14. On January 31, 2013, Tamara Anderson had a valid policy with Progressive Insurance Company with a limit of $25,000.00.

15. Progressive Insurance Company has tendered the policy limits of $25,000.00 and Plaintiffs obtained written permission from Defendant State Farm Auto to accept the offer.

16. Plaintiff Karen Gillihan's permanent injuries have caused economic and non-economic damages well in excess of the $25,000.00 Progressive Insurance policy limit.

17. Inasmuch as Tamara Anderson had insufficient insurance to cover the damages caused in this accident, Plaintiffs pursued compensation under the underinsured/uninsured motorist provision of this policy and are entitled to fair and adequate compensation under the State Farm policy by law.

## COUNT TWO

18. Plaintiffs incorporate by reference paragraphs 1 through 17 of this Complaint as if fully restated herein.

19. As stated above, under the valid insurance contract between Defendants and Plaintiffs, Defendants agreed to provide Plaintiffs with underinsured insurance coverage.

20. Plaintiffs, through their attorneys, have repeatedly attempted to make a claim under Plaintiffs' underinsured insurance coverage by engaging in good faith negotiations, but Defendants have refused to comply and have denied Plaintiffs' claim without reasonable justification.

21. Defendants acted in bad faith by failing to order medical records of Plaintiff Karen Gillihan in a timely manner.

22. Defendants acted in bad faith by requiring prior dental records as it relates to Plaintiff Karen Gillihan's TMJ injury before making any offer whatsoever, only to deny that the injury was caused by the January 31, 2013 accident, without reasonable justification.

23. Defendants' bad faith denial of Plaintiff's was made without reasonable justification and with a conscious disregard for the legal right Plaintiff has to coverage for her damages under the above-mentioned State Farm underinsured motorist policy which was in effect on January 31, 2013.

24. In addition, through Defendant's denial of Plaintiffs' claims without reasonable justification and refusal to negotiate with Plaintiffs regarding their loss on good faith, Defendant State Farm Auto has breached their contract with Plaintiffs who have not obtained the benefit of their bargain.

25. As a direct and proximate result of Defendants' breach of contract and actions which constitute bad faith, Plaintiffs have suffered damages in the form of loss of the benefit of their bargain, economic and non-economic damages compensatory damages and any other damages that

this Court determine appropriate, including punitive damages and attorneys fees.

## COUNT THREE

26. Plaintiffs incorporate by reference paragraphs 1 through 25 of this Complaint as if fully restated herein.

27. At all times material, Plaintiff Michael Gillihan was the lawful spouse of Plaintiff Karen Gillihan.

28. As a direct and proximate result of the negligence of the underinsured driver and the Defendants' bad faith, Plaintiff Michael Gillihan has suffered damages associated with the loss of consortium, companionship, support, care and services of his wife, Karen Gillihan.

WHEREFORE, Plaintiffs Karen & Michael Gillihan pray for judgment against the Defendants, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for each Count set forth in the complaint above for ecomonic and non-economic compensatory damages, plus interest, punitive damages, legal fees and the costs associated with this action, and any and all other relief this Court deems just and equitable.

Respectfully submitted,

_/s/ TDR_____

THOMAS D. ROBENALT (#0055960)
**THE ROBENALT LAW FIRM, INC.**
19702 Center Ridge Road
Rocky River, Ohio 44116
(216) 223-7535
Fax: (216) 860-4390
trobenalt@robenaltlaw.com

Attorney for Plaintiffs

## JURY DEMAND

Plaintiff pursuant to Civ. R. 38 hereby demands a trial by jury on all issues.

*[signature]*

THOMAS D. ROBENALT (#0055960)

Attorney for Plaintiffs

## TO THE CLERK

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION OF THE COMPLAINT.**

*[signature]*

THOMAS D. ROBENALT (#0055960)

Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

| | |
|---|---|
| KAREN GILLIHAN<br>1180 Manchester Court<br>Medina, Ohio 44256<br><br>and<br><br>MICHAEL GILLIHAN<br><br>1180 Manchester Court<br>Medina, Ohio 44256<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM INSURANCE CO.<br>c/o Statutory Agent – Susan Krieger<br>1440 GRANVILLE ROAD<br>NEWARK, OHIO 43055<br><br>and<br><br>STATE FARM INSURANCE CO.<br>1440 Granville Road<br>Newark, OH 43059<br><br>    Defendants. | CASE NO.<br><br>**15CIV0097**<br><br>JUDGE<br><br>**JOYCE V. KIMBLER, JUDGE**<br><br>**PLAINTIFFS FIRST SET OF**<br>**INTERROGATORIES AND**<br>**REQUESTS FOR PRODUCTION OF**<br>**DOCUMENTS TO DEFENDANTS** |

No electronic copy of these Interrogatories and Request for Production of Documents have been provided to the Defendants at this time inasmuch as these Requests have been attached to the original Complaint and the Plaintiffs' counsel is not aware of Defendant's email address.

7

## INSTRUCTIONS AND DEFINITIONS

Now come the Plaintiffs, Karen and Michael Gillihan, by and through counsel, and pursuant to Rules 33 and 34 of the Ohio Rules of Civil Procedure, submit the following Interrogatories and Request for Production of Documents to Defendant State Farm Insurance Company (hereinafter "State Farm") to be produced within twenty-eight (28) days of receipt of this request. Pursuant to Ohio Civil Rule 26(B), these requests are continuing. The Defendant is therefore requested to supplement these requests with any additional items that are uncovered after the following are produced.

For the purpose of the following request, the word "documents" refers to originals or copies of all reports, notes, correspondence, photographs, written statements, records, tape recordings, films, videotapes, writings or charts.

The term "accident" refers to the motor vehicle accident on or about January 31, 2013, as alleged in the Complaint.

## INTERROGATORIES

1. With regard to each person responding to these Interrogatories or who assisted in the preparation of answers to these Interrogatories, please state your name and address.
**ANSWER:**


2. Please state the names of all employees, adjusters, handlers, investigators, or administrators of the claims presented to Defendant for payment after the accident as outlined in the Complaint.
**ANSWER:**


3. Please state whether there was a contract of insurance with State Farm that provides uninsured/underinsured motorist benefits to Plaintiff for the incident at issue.
**ANSWER:**

8

4. Please state whether you are aware of any witnesses to all or part of the auto accident, and state the location of each witness at the time of the accident.
**ANSWER:**

5. If anyone investigated this matter for you, state their name(s) and address(es), and state whether such investigation was reduced to writing. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your answer a copy of any said statement.
**ANSWER:**

6. If you contend that the Plaintiff in this action was negligent in causing the auto accident, state the reason(s) you make this contention. Include in your answer where and from whom you obtained the information to make this contention.
**ANSWER:**

7. State whether you have within your possession or control photographs, plats or diagrams of the scene, videotapes, or objects connected with said auto accident; and if so, identify each such object, the date produced or obtained, and the present custodian thereof.
**ANSWER:**

8. State the manner in which you say the incident complained of occurred, giving the various speeds, positions, directions, and locations of all vehicles involved in the said accident.
**ANSWER:**

9. Did you or any other agent of the Defendant ever take or receive any statement, either oral or in writing, from any person, including parties, who had any information or knowledge relating to the occurrences which form the basis of the losses reported to Defendant?
**ANSWER:**

10. If your answer to the preceding Interrogatory is in the affirmative, please state as to each such person his/her name, address, the date such statement was taken and the substance of the statement. If such statement was in writing, either attach a copy hereto or indicate where and when each statement may be examined by counsel.

**ANSWER:**

11. Please state whether Defendant received all premiums needed to ensure Plaintiff was covered under the policies of insurance in effect at the time of the accident.
**ANSWER:**

12. List the names, addresses, official titles, if any, and other identification of all witnesses, including expert witnesses, who it is contemplated will be called upon to testify in support of your claims or defenses in this action. Indicate the name and substance of the testimony which it is expected will be given by each such witness and, if any such prospective witnesses are related to you, state the relationship. For each expert witness, state the facts known and opinions held by each such witness.
**ANSWER:**

13. Please state fully the substance of any and all conversations, communications or statements made by or between the Plaintiff, Defendant, and/or any agent of Defendant relative to the alleged occurrences, including but not limited to, each conversation which took place just after the loss which forms the basis of Plaintiff's claims.
**ANSWER:**

14. Please state the factual basis or bases of any denials made by the Defendant in its answer to Plaintiff's Complaint.
**ANSWER:**

15. Please state the factual basis or bases of any affirmative defenses made by Defendant in its answer to Plaintiff's Complaint.
**ANSWER:**

16. Describe any and all documents that Defendant intends to offer as evidence at trial, including all documents to be used for impeachment purposes, and provide the name and address of the person having custody or control over said documents.
**ANSWER:**

17. Identify all exhibits that Defendant plans to use during the course of this matter.
**ANSWER:**

18. Please list and describe in detail all dates that the policy of insurance being evoked was in effect.
**ANSWER:**

19. If you contend that Plaintiff suffered from a pre-existing condition, please state all facts upon which you rely to support your contention.
**ANSWER:**

20. If you contend that the Plaintiff aggravated a preexisting condition, please state all facts upon which you rely to support your contention.
**ANSWER:**

21. If you contend that the Plaintiff's injuries were not sustained in the accident of January 31, 2013, please state all facts upon which you rely upon to support your contention.
**ANSWER:**

22. Please identify any medical expert that you have consulted with and who has rendered opinions prior to answering these interrogatories and whose opinions you have relied upon.
**ANSWER:**

23. Please state when you were first put on notice of this accident.
**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents in the possession of the Defendant or their agents or Defendant's attorneys or other representatives, which relate in any manner to the claims which form the

11

basis of Plaintiff's Complaint.

2. Any and all documents which relate to any statements given or taken of any potential witnesses regarding the occurrences which is the subject of Plaintiff's claims as alleged in the Complaint.

3. Any and all documents relating to any investigation undertaken by the Defendant or their agents, or Defendant's attorneys, which relate to the incidents, which make up the claims presented to the Defendant by Plaintiff.

4. Please provide a copy of the insurance policy, declaration page(s) and any correspondence that relates to the Plaintiff's Complaint in this case and/or the Plaintiffs' claims, including, but not limited to, any and all policies that covered Plaintiffs and/or Karen and Michael Gillihan since January 2013.

5. Any and all documents which have been received by the Defendant or Defendant's attorneys from any and all proposed expert witnesses.

6. Any and all documents which Defendant intends to offer as evidence at trial or arbitration, including any and all documents to be used for impeachment purposes.

7. A copy of any and all documents, including, but not limited to, memoranda, e-mail, computer maintained forms and/or files, and any documents received from third parties, that relate to Plaintiffs' and/or Karen and Michael Gillihan's automobile insurance policies and procedures, which, he or she holds currently or has held since January 2013.

8. Please provide a copy of any and all correspondence with Plaintiffs, and/or any their agents or family, including, but not limited to, e-mail correspondence, correspondence, memoranda, explanation of coverage documents, forms or files maintained on computer databases, and/or any other documents related to Plaintiffs' claims.

9. A complete copy of the claim file related to this claim

10. A copy of any and all policies and procedures in handling an Uninsured Motorists claim.

Respectfully submitted,

/s/ JM

THOMAS D. ROBENALT (#0055960)
THE ROBENALT LAW FIRM, INC.
19702 Center Ridge Road
Rocky River, Ohio 44116
(216) 223-7535
Fax: (216) 860-4390
trobenalt@robenaltlaw.com
Attorney for Plaintiffs

## TO THE CLERK

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION OF THE COMPLAINT.**

_____
THOMAS D. ROBENALT (#0055960)

Attorney for Plaintiffs